UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8226-JFW (SP) | Date | July 25, 2016 |
|---|---|---|---|
| Title | GREGORY C. BONTEMPS v. C. SMITH, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:

None Present         None Present

**Proceedings:**   **(In Chambers) Order to Show Cause Why IFP Status Should Not Be Revoked and Complaint Dismissed Under PLRA's Three Strikes Provision Unless Plaintiff Pays Full Filing Fee**

Plaintiff Gregory C. Bontemps initiated this action on October 13, 2015 by filing a civil rights complaint in the United States District Court for the Eastern District of California. Plaintiff is a state prisoner proceeding pro se who, at the time he filed the instant civil rights complaint, was confined to the California State Prison, Centinela. Plaintiff alleges correctional officers at the California State Prison, Los Angeles County ("CSP-LAC") used excessive force against him in an incident that occurred on September 18, 2014, when plaintiff was housed at CSP-LAC.

This case was subsequently transferred to this court. Plaintiff did not pay the $350 filing fee, nor did he initially submit a request to proceed without prepayment of the full filing fee or in forma pauperis ("IFP"). Plaintiff subsequently filed an IFP application, which the court granted on February 11, 2016, allowing this case to proceed.

Since then, defendants in other cases before this court brought by this plaintiff – specifically, the cases of *Bontemps v. Godina*, No. CV 15-3171-JFW (SP), and *Bontemps v. Penate*, No. CV 15-2268-JFW (SP) – have alerted the court to the fact that plaintiff has at least three other "strikes" that prevent plaintiff from proceeding IFP under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). The PLRA's three strikes provision states: "In no event shall a prisoner bring a civil action . . . under this section [pertaining to proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8226-JFW (SP) | Date | July 25, 2016 |
|---|---|---|---|
| Title | GREGORY C. BONTEMPS v. C. SMITH, et al. | | |

prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "'Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[] to state a claim.'" *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed *IFP*." *Id.*

      The court is aware of three cases brought by plaintiff in the United States District Court for the Eastern District of California while he was a state prisoner, each of which was dismissed in 2013 for failure to state a claim, well before plaintiff initiated the instant action: (1) in *Bontemps v. Lee*, case number 2:12-CV-00771-KJN (E.D. Cal.), plaintiff's fourth amended complaint was dismissed on January 31, 2013 without leave to amend for failure to state a cognizable claim; (2) in *Bontemps v. Aquino*, case number 2:12-CV-02406-EFB (E.D. Cal.), plaintiff's amended complaint was dismissed on July 9, 2013 without leave to amend for failure to state a claim; and (3) in *Bontemps v. Romero*, case number 2:13-CV-00614-EFB (E.D. Cal.), plaintiff's amended complaint was dismissed on August 13, 2013 without leave to amend for failure to state a claim. Each of these dismissals counts as a strike under the plain language of 28 U.S.C. § 1915(g). *See Andrews v. King*, 398 F.3d at 1121 (§ 1915(g)'s "phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)'") (citation omitted). Thus, plaintiff has three prior strikes, which precludes him from proceeding IFP unless he is in imminent danger of serious physical injury.

      The imminency element requires "a prisoner to 'allege[] an ongoing danger.'" *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (citation omitted). The complaint here alleges a single incident of excessive force, not ongoing danger, and gives no indication that plaintiff was under imminent danger of serious physical injury. Nor could he plausibly have been at risk of ongoing danger related to the allegations of the complaint, as by the time he filed the complaint plaintiff was no longer housed at CSP-LAC. *See id.* at 1053 ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)"). As such, it appears plaintiff may not proceed IFP due to his three prior "strikes."

      The court will not revoke plaintiff's IFP status, however, without first giving plaintiff an opportunity to respond. Accordingly, within twenty-one days of the date of this Order, that is, by **August 15, 2016**, plaintiff is **ORDERED TO SHOW CAUSE**, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8226-JFW (SP) | Date | July 25, 2016 |
|---|---|---|---|
| Title | GREGORY C. BONTEMPS v. C. SMITH, et al. | | |

writing, why his IFP status should not be revoked under the three strikes provision of the PLRA. Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the revocation of his IFP status. Further, if plaintiff's IFP status is revoked, the court will recommend that this case be dismissed unless plaintiff pays the full $350 filing fee within thirty days of the revocation of IFP status.